UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

5417 BAY ROAD HOLDINGS, LLC,

       Plaintiff and Counter Defendant,

                                    Case Number 11-12347

v.                                      Honorable Thomas L. Ludington

LANDMARK PLAZA ASSOCIATES
LIMITED PARTNERSHIP, et al.

       Defendants and Counter Plaintiffs.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL
DISCOVERY AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

On February 10, 2012, Defendants Landmark Plaza Associates Limited Partnership, Jay Furman, and Walter Samuels ("Defendants") filed a motion to compel discovery, requesting that the Court order Plaintiff to produce the Mortgage Loan Purchase Agreement ("MLPA") Defendants requested in its First Set of Interrogatories and Request for Production of Documents ("Landmark Plaza's Discovery Request") . In particular, Landmark Plaza's Request for Production No. 9 of Landmark Plaza's Discovery Request requested: "All documents referring or relating to the Loan and/or the Guaranty." Defendants explain that the Landmark Loan was originated by Salomon Brothers Realty Corp. who, in turn, sold the Landmark Loan, and many other loans, to Salomon Brothers Mortgage Securities VII, Inc., Commercial Mortgage Pass-Through Certificates, Series 2001-CS (the "Trust"). The Trust acquired the Landmark Loan through the MLPA, which is customary in the commercial mortgage backed securities industry. Defendants anticipate that the MLPA will likely describe the Landmark Loan as nonrecourse or recourse.

Defendants contend that on January 20, 2012, in response to Landmark Plaza's Discovery Request, 5417 Bay Road served Landmark Plaza Plaintiff's Response and Objections To

Defendants' First Set of Document Requests To Plaintiff which included objections, written responses and the production of documents but did not include production of the MLPA. On February 9, 2012, upon discovering that the produced documents did not include the MLPA, Defendants specifically requested that the MLPA be produced. In its motion, Defendants contend that Plaintiff remains unwilling to produce the MLPA.

In response, Plaintiff contends that Defendants misstate the nature of a MLPA and its relevance to any of the issues in this case. The parties to the MLPA are the seller of a "bunch" of commercial mortgage loans to the purchaser of those loans. The MLPA often includes representations and warranties about the loans being sold. Critically, Plaintiff notes that none of the parties to this lawsuit are parties to the MLPA and the MLPA is unrelated to the terms of the loan at issue in this case. The loan documents between the parties to this lawsuit, and all the documents by which the loan documents were assigned to Plaintiff, have already been produced in discovery. Accordingly, Plaintiff contends that the MLPA is not relevant evidence. Moreover, Plaintiff contends that because Defendants are not parties to the MPLA, they lack standing to assert any rights provided under the MLPA. Plaintiff also filed a motion for entry of a protective order providing that Plaintiff is not required to produce the MPLA. ECF No. 56.

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P.  26(b)(1). Accordingly, "[t]he scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of

admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir.1970).

Although Plaintiff contends that the MLPA is not the operative agreement between the parties,

Defendants have articulated why they believe the MLPA is reasonably calculated to lead to the

discovery of admissible evidence and thus their motion will be granted. Plaintiff's motion for a

protective order providing that it is not required to produce the MLPA will thus be denied.

Accordingly, it is **ORDERED** that Defendants' motion to compel (ECF No. 48) is

**GRANTED**.

It is further **ORDERED** that Plaintiff's motion for a protective order (ECF No. 56) is

**DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 1, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 1, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS